Yongmoon Kim, Esq.
Email: ykim@kimlf.com
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
*Attorneys for Plaintiff and the Proposed Class*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TRACY A. STANILAND, *on behalf of herself and those similarly situated*,<br><br>Plaintiff,<br><br>vs.<br><br>PREMIERE CREDIT OF NORTH AMERICA, LLC;<br>STEVEN TODD STURGEON;<br>SARAH SIPE DEMOSS;<br>PROGRESS ONE FINANCIAL, LLC;<br>and JOHN DOES 1 to 10,<br><br>Defendants. | **CLASS ACTION COMPLAINT** |

Plaintiff, Tracy A. Staniland, by way of Class Action Complaint against Defendants Premiere Credit of North America, LLC; Steven Todd Sturgeon; and Sarah Sipe DeMoss; and Progress One Financial, LLC (and John Does 1 to 10) states:

### I.   NATURE OF THE ACTION

1.   This class action for statutory damages arises from the Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

2.   As described more fully below, Defendants violated the FDCPA against Plaintiff and other New Jersey consumers by, *inter alia*, failing to clearly identify the creditor as required under section 1692g, by attempting to collect consumer debts without a license to do so under

Page **1** of **12**

the New Jersey Consumer Finance Licensing Act, N.J. Stat. Ann. § 17:11C-3, thereby misrepresenting the amount of the debt and attempting to collect amounts not permitted by law, and by falsely representing that the balance is "current as of 04/15/2019" and that the "[a]mounts may increase. . ."

## II.   JURISDICTION AND VENUE

3. This Court has jurisdiction to entertain this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

4. Venue in this action properly lies in the District Court of New Jersey, Newark Vicinage, as Defendants regularly do business in this district.

## III.   PARTIES

5. Plaintiff Tracy A. Staniland ("Plaintiff" or "Staniland") is a natural person residing in Bergen County, New Jersey.

6. Defendant Premiere Credit of North America, LLC ("Premiere") is a foreign corporation with its principal place of business located at 2002 Wellesley Boulevard, Indianapolis, Indiana 46219.

7. Defendant Steven Todd Sturgeon ("Mr. Sturgeon") is the manager and head of operations of Premiere.

8. Defendant Sarah Sipe DeMoss ("Ms. DeMoss") is the manager and director of compliance and licensing of Premiere.

9. Defendant Progress One Financial, LLC ("Progress") is a foreign corporation with its principal place of business located at 251 Little Falls Drive, Wilmington, New Castle, Delaware 19808.

10. The Plaintiff is informed and believes, and on that basis alleges, that Defendants John Does 1 to 10 are natural persons and/or business entities all of whom reside or are located within the United States and personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of Defendants that are the subject of this Complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by Defendants and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

11. In this pleading, "Defendants" in the plural refers to all Defendants.

### IV.   FACTS

A. Background

12. Defendants are not in the business of extending credit, selling goods or services to consumers.

13. Defendants regularly collect or attempt to collect past-due and defaulted debts of natural persons allegedly owed to others which were incurred primarily for personal, family or household purposes.

14. The principal purpose of Defendants is the collection of debts.

15. When attempting to collect debts, Defendants use the mails, telephone, the internet and other instruments of interstate commerce.

16. Furthermore, at all times relevant hereto, Mr. Sturgeon and Ms. DeMoss, as a principal owner, officer, director, shareholder, and/or managing partner of Premiere, personally implemented, and with knowledge such practices were contrary to law, engaged in, acted consistent with, managed, and oversaw all of the illegal policies and procedures used by themselves and other employees of Premiere complained of herein.

17. Defendants have asserted that Plaintiff incurred or owed one or more financial obligation originating and which arose from one or more transaction which were primarily for the Plaintiff's personal, family, or household purposes. ("Debt" or "Account").

18. The Debt arose from one or more transactions which were primarily for the Plaintiff's personal, family, or household purposes.

19. The debts alleged to be owed by Plaintiff and those similarly situated were incurred for personal, family or household purposes.

20. Defendants contend that the Account was past-due and in default.

21. Defendants are debt collectors.

22. The Account was allegedly assigned to Defendants for collecting the Debt.

23. The Account was past-due and in default when it was placed with or assigned to Defendants for collection.

### B. Failure to Clearly Identify the Current Creditor

24. In attempts to collect the Debt allegedly owed by Plaintiff, Defendants mailed a collection letter to Plaintiff on April 15, 2019 ("Premiere Letter"). A true but redacted copy of the collection letter is attached as *Exhibit A*.

25. Upon information and belief, the Premiere Letter was the initial written communication from Defendants to Plaintiff concerning the Account.

26. Plaintiff received and reviewed the collection letter.

27. The Premiere Letter does not clearly identify the name of the creditor to whom the debt is owed.

28. The Premiere Letter simply states "Creditor: Progress One Financial (First Access)" but does not state that Progress One Financial (First Access) is the current creditor.

29. It is also not clear whether Progress One Financial (First Access) or Premier Credit of North America, LLC, or The Bank of Missouri s/b/m MABT / First Access is the current creditor.

30. Further, an entity with the name "Progress One Financial (First Access)" does not exist.

31. By failing to identify the current creditor of the Debt, the collection letter leaves the least sophisticated consumer in doubt about to whom the alleged debt is owed and if it is legitimate.

32. Defendants' failure to identify the creditor is false, deceptive, and misleading, which is in violation of the FDCPA.

C. **Unlawful Collection**

33. After allegedly purchasing the past-due and defaulted Account for pennies on the dollar, Progress, either directly or through intermediate transactions, assigned, placed, or transferred the Account with Premiere for collection.

34. The Account was assigned to Premiere to collect the Debt.

35. The Account was past-due and in default when it was placed with or assigned to Premiere for collection.

36. At all times relevant hereto, Premiere acted on behalf of Progress in an attempt to collect the Debt.

37. At all times relevant hereto, the acts and omissions of Premiere were incidental to or taken within the scope of the responsibilities given and authorized by Progress.

38. Progress is not licensed by the New Jersey Department of Banking and Insurance under the New Jersey Consumer Finance Licensing Act ("NJCFLA") or any other State consumer lending statute.

39. During all times relevant to this action, Progress was not licensed as a "sales finance company" or a "consumer lender" pursuant to the NJCFLA.

40. "Any person directly or indirectly engaging . . . in the business of buying, discounting or endorsing notes, or of furnishing, or procuring guarantee or security for compensation in amounts of $50,000 or less, shall be deemed to be engaging in the consumer loan business."

41. By purchasing and taking assignment of the accounts, Progress acted as a "sales finance company" as defined at N.J. Stat. Ann. § 17:16C-1(f).

42. "No person shall engage in business as a consumer lender or sales finance company without first obtaining a license or licenses under this act."

43. Progress is not permitted to engage in the "consumer loan business" or as a "sales finance company" since they did not first obtain a license pursuant to the NJCFLA.

44. Accordingly, "attempt[s] to collect Plaintiff's alleged debt on behalf of Defendants, who were not licensed as a consumer lender under the NJCFLA, constitutes prohibited conduct under the NJCFLA."

### D. Threatening Balance May Increase

45. Further, Defendants also failed to state the amount of the debt and falsely threatened interest, charges, and fees when the balance of the account would never increase due to interest, charges, and fees.

46. Defendants falsely stated "*Amounts listed are current as of 04/15/2019. Amounts may increase or decrease due to application of payments and/or adjustments. Please call (866) 808-7287 for a payoff amount."

47. In fact, however, the balance of the Account could not increase and the creditor never intended to add, would not add, and did not add any lawful interest, or other fees and charges to increase the balance stated in the Premiere Letter.

48. Defendants failed to accurately state the amount of the Debt, and falsely, deceptively, and misleadingly represented to the least sophisticated consumer that the amount owed to the creditor would or could increase over time—indeed, that the amount owed had already changed by the time the collection letter was received days later.

49. Defendants' collection letter effect of leading a consumer to conclude that the amount due is not static but, instead, could increase, materially affects the decision of the least sophisticated consumer whether to pay the debt because, with limited resources and the inability to pay all debts, such a consumer would rationally pay a debt with a balance that was increasing due to interest before paying an otherwise identical debt with a static balance.

50. Therefore, the Premiere Letter deprived Plaintiff and other New Jersey consumers of truthful, non-misleading, information in connection with Defendants' attempt to collect a debt.

51. Defendants engaged in unlawful practices in violation of the FDCPA including but not limited to 15 U.S.C. §§ 1692e, 1692e(2)(A), 169e(5), 1692e(10), 1692f, 1692g, 1692g(a)(1), and 1692g(a)(2).

52. Defendants used the same procedures that they employed in sending the Premiere Letter to Plaintiff when sending the same and/or similar letters to numerous other New Jersey consumers.

## V. CLASS ACTION ALLEGATIONS

53. This action is brought and may properly proceed as a class action, pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure. Plaintiff brings this action on behalf of herself and others similarly situated. Subject to discovery and further investigation which may cause Plaintiff to narrow, expand or otherwise modify the following class definition at the time Plaintiff moves for class certification, Plaintiff seeks certification of classes initially defined as follows:

> **Class A**: All natural persons with an address in the State of New Jersey, to whom, beginning April 15, 2019, through and including the final resolution of this case, Premiere Credit of North America, LLC, sent one or more letter(s) in attempts to collect a debt which stated "Amounts listed are current as of [DATE]. Amounts may increase or decrease due to application of payments and/or adjustments. Please call (866) 808-7287 for a payoff amount."
>
> **Class B**: All natural persons with addresses in the State of New Jersey, to whom, beginning April 15, 2019, through the final resolution of this case, Premiere Credit of North America, LLC, sent one or more letters in an attempt to collect a consumer debt on behalf of Progress One Financial.
>
>> **Subclass**: All members of Class B, to whom, Premiere Credit of North America, LLC sent one more letter(s) in attempts to collect a debt which stated "Creditor: Progress One Financial (First Access)".

54. Based on discovery and further investigation (including, but not limited to, Defendants' disclosure of class size and net worth), Plaintiff may, in addition to moving for class certification using modified definitions of the classes, class claims, and the class period, and/or seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4). Such modified definitions may be more expansive to include consumers excluded from the foregoing definitions but who were mailed a letter using substantially the same form or template as was used to create the collection letters.

55. Plaintiff seeks to recover statutory damages, attorney's fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

56. The classes for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

57. There are questions of law and fact common to the members of the classes that predominate over questions affecting only individuals, including but not limited to:

    A. Whether Defendants are debt collectors under the FDCPA;

    B. Whether Defendants violated the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f, 1692g, 1692g(a)(1), and 1692g(a)(2); and

    C. Whether Plaintiff and the classes are entitled to damages.

58. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  The FDCPA statutory scheme provides for statutory damages payable to each class member.  A class action will cause an orderly and expeditious administration of the claims of the classes and will foster economies of time, effort and expense.

59. The claims of the Plaintiff are typical of the claims of the members of the classes.

60. The questions of law and/or fact common to the members of the classes predominate over any questions affecting only individual members.

61. Plaintiff does not have interests antagonistic to those of the classes.

62. The classes, of which Plaintiff is a member, is readily identifiable.

63. Plaintiff will fairly and adequately protect the interests of the classes, and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of

experience in handling class actions, other complex litigation, and claims of the type asserted in this action.

64. The prosecution of separate actions by individual members of the classes would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendants in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.  Prosecution as a class action will eliminate the possibility of repetitious litigation.

65. Plaintiff does not anticipate any difficulty in the management of this litigation.

### VI. VIOLATIONS OF THE FDCPA

66. Plaintiff reasserts and incorporates herein the allegations contained in the preceding and following paragraphs.

67. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

68. The Debt is a consumer "debt" as defined by 15 U.S.C. § 1692a(5).

69. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6) and the interpretations thereof.

70. Defendants are not "creditors" as defined by 15 U.S.C. § 1692a(4).

71. The collection letters are "communications" as defined by 15 U.S.C. § 1692a(2).

72. Defendants violated the FDCPA, including but not limited to, 15 U.S.C. § 1692e (including 15 U.S.C. §§ 1692e(2)(A), 1692e(5), 1692e(10)); 15 U.S.C. § 1692f; and 15 U.S.C. § 1692g (including 15 U.S.C. §§ 1692g(a)(1) and 1692g(a)(2)).

73. The violations of the FDCPA described herein constitute *per se* violations.

74. Based on any one or more of those violations, Defendants are liable to Plaintiff for damages, attorney's fees and costs under 15 U.S.C. § 1692k.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Tracy A. Staniland demands judgment against Defendants Premiere Credit of North America, LLC; Steven Todd Sturgeon; and Sarah Sipe DeMoss; and Progress One Financial, LLC as follows:

A. For certification of this instant matter as a class action, appointing the named Plaintiff as representative of the classes, and appointing the attorneys of Kim Law Firm LLC as class counsel;

B. For statutory damages in favor of Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) or, in the alternative, 15 U.S.C. § 1692k(a)(2)(A);

C. For statutory damages in favor of the Classes pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

D. For actual damages in favor of Plaintiff and the Classes pursuant to 15 U.S.C. § 1692k(a)(1), including to the extent the recovery of attorney's fees and costs causes Plaintiff or the Classes a negative tax consequence;

E. For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

F. For pre-judgment and post-judgment interest; and

G. For such other and further relief as the Court deems equitable and just.

## VIII. JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

## IX. CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

|  |  |
|---|---|
|  | KIM LAW FIRM LLC |
| Dated: April 15, 2020 | *s/Yongmoon Kim*<br>Yongmoon Kim<br>*Attorneys for Plaintiff* |